UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00134-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SAMMY LEE JETER,** | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on the government's "Motion to Seal Motion and Order to Continue" (#14). The court will seal the motion but not this or the resulting Order of Continuance inasmuch as neither Order makes references to the substance of the sealed materials.

In considering a Motion to Seal in a criminal case, the court conducts the inquiry provided by Local Civil Rule 6.1, which provides in relevant part as follows:

> **LCvR 6.1   SEALED FILINGS AND PUBLIC ACCESS.**
>
> (A) Scope of Rule. This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.
>
> (B) Filing Under Seal. No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.
>
> (C) Motion to Seal or Otherwise Restrict Public Access. A request by a party to file materials under seal shall be made by formal motion, separate and apart from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion

1

|       | or supporting brief shall set forth:                                                                                                                                                                                                                                                                                                                                                               |
| ----- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| (1)   | a non-confidential description of the material sought to be sealed;                                                                                                                                                                                                                                                                                                                               |
| (2)   | a statement as to why sealing is necessary and why there are no alternatives to filing under seal;                                                                                                                                                                                                                                                                                                |
| (3)   | unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and                                                                                                                                                                                                 |
| (4)   | supporting statutes, case law or other authority.                                                                                                                                                                                                                                                                                                                                                 |

\* \* \*

| (E) | Public Notice. No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24. |
| --- | --- |
| (F) | Orders Sealing Documents. Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted. |

\* \* \*

L.Cv.R. 6.1(W.D.N.C. 2012).

As reflected in the rule, the court is required to consider the factors contained in Local Civil Rule 6.1(C). The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The rule requires "a non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is adequate.

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(C)(2). Such statement has not been provided. However, the court discerns from reading the underlying materials that the reason for continuance can be summarized without doing violence to the information sought to be protected by stating that it involves conflicting professional commitments

of the AUSA that would interfere with continuity of government counsel in prosecuting this case if no accommodation were made by the court.

As to Local Civil Rule 6.1(C)(3), a recent memorandum from the Judicial Conference indicates that sealing will be permanent in all cases.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. While the government has not complied with such provision, such request is otherwise consistent with Media General Operations, Inc. v. Buchanan, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. Washington Post, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. Goetz, 886 F.2d at 66.

Id., at 429. The proposed sealing of the underlying Motion to Continue would be consistent with current case law inasmuch as the materials sought to be sealed involve matters of little public interest, inasmuch as they only relate to routine professional commitments of an attorney. The court has also considered less restrictive alternatives and can discern none.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will grant the Motion to Seal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion to Seal (#14) is **GRANTED**, the unopposed Motion to Continue (#13) and any attachments thereto are SEALED,

but this Order and the Order of Continuance are NOT SEALED as they do not contain any protected information.

Signed: September 15, 2016

Max O. Cogburn Jr
United States District Judge